## Personal Finance Company v. Kettering et ux.

*E. V. Buckley*, for petitioners; *Myron W. Jones*, for respondent.

McLAUGHRY, P. J., March 22, 1934.—This comes before the court on a petition to open judgment. On March 11, 1930, Personal Finance Company, plaintiff, sold to the defendants, Beatrice L. Kettering and Burland D. Kettering, certain furniture which the plaintiff was obliged to take from another party because of failure to pay a loan. The plaintiff took in payment for said furniture a judgment note signed by the defendants, in the sum of $100, with interest thereon at the rate of $3\frac{1}{2}$ percent per month, payments to be made in instalments of $5 each month, together with interest on the unpaid balance. After making some payments to apply on the note, the defendants defaulted and notified the

plaintiff that they did not want to keep the furniture, and the plaintiff caused the furniture to be sold and credited the account of the defendants with the proceeds received from the sale. The plaintiff then secured judgment for the balance alleged to be due and levied upon an automobile belonging to the defendants.

The finance company is licensed to do business under the Act of June 17, 1915, P. L. 1012, as amended by the Act of June 4, 1919, P. L. 375. Section 1 of this act reads as follows:

"On and after the passage of this act, it shall be lawful for any person, persons, partnership, association, or corporation within this Commonwealth, who shall comply with the requirements of this act, to loan money in sums of three hundred ($300) dollars or less, either with or without security, to individuals pressed by lack of funds to meet immediate necessities, and charge and collect for the loan thereof interest as hereinafter provided".

Section 2 provides that the loan company may "charge the borrowers thereof, for its use or loan, interest at a rate not to exceed three and one-half (3½) percentum per month. No fees, fines, or other charges, either in addition to or as a part of the above specified interest, shall be charged or collected under any pretext whatsoever."

The question has been raised here whether the plaintiff has the legal right to charge interest at a rate of 3½ percent on the unpaid balance of a debt contracted by the petitioners for the purchase of furniture repossessed from the finance company. It would seem from the testimony taken at the hearing that the plaintiff had made a loan on some furniture belonging to people by the name of Hetricks, and it became necessary for the plaintiff to take the furniture because of failure to make payment of the loan. W. L. Langdon testified that as the agent of the plaintiff company he was sent to get the furniture from the Hetricks home, that he was told to make sale of the same if he had an opportunity, that he did enter into an agreement with the defendants to take the furniture for the price of $100, and that he informed them there would be no interest to be collected on the price. The furniture was then delivered to the defendants, and the defendants signed a judgment note upon which the plaintiff is seeking to recover. Mr. and Mrs. Kettering have testified that they did not know at the time that they were signing a note upon which 3½ percent monthly interest was to be charged.

It is contended by counsel for the defendants that the plaintiff cannot legally collect 3½ percent monthly interest under such conditions as we have here. We are of the opinion that there is merit to this position. We think from the facts which we have before us that the finance company did not "loan money" to the defendants, as provided in the statute authorizing it to do business. The defendants did not owe the plaintiff company for money loaned to them, but they were indebted to the plaintiff company for furniture purchased from the plaintiff by the defendants. We do not understand that the finance company has the power to extend the privileges granted by this statute to charge excessive rate of interest on the unpaid balance of the purchase price of furniture.

We think the defendants should have the opportunity of determining this question, and that judgment should be opened to give them such an opportunity.

From the testimony which we have before us, it would seem that the agent of the plaintiff company made the agreement to sell the furniture for $100, and he told the defendants that there would be no interest charge. The defendants, however, signed a note in which they agreed to pay interest. Of course they should have known what they were signing, and it may be a question whether or not there are circumstances that would justify the admission of testimony in

proof of that fact. We think, however, that judgment should be opened in order that the question may be determined whether or not the plaintiff had the right to charge excessive interest under the provisions of the act of assembly under which the said company is licensed to do business.

### Order

And now, March 22, 1934, this matter came on to be heard and was argued by counsel; whereupon, after due consideration, the rule to show cause why the judgment should not be opened and allow the defendants to make a defense is made absolute. From W. G. Barker, Mercer, Pa.